UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-2807** |
| **LOUIS WILBERT BOYD** | **SECTION "R" (5)** |

## ORDER AND REASONS

The plaintiff, Louis Boyd, is incarcerated in the Federal Correctional Institute in Oakdale, Louisiana.  He is a frequent filer of frivolous lawsuits in this court.  Boyd filed a motion for return of property in his closed criminal case, 09-63 "R."  He styled his motion as one under Federal Rule of Criminal Procedure 41(g), which allows "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." Finding the motion improper, however, in a criminal action that has concluded, the court converted it to a civil proceeding under 28 U.S.C. §1331  for the return of property.  (Rec. Doc. No. 1, Order and Reasons).       With his complaint, plaintiff submitted an application to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915.  This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1 (B)(1) and Title 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil

action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's research reveals that plaintiff, while incarcerated, has filed 10 civil complaints in this court. The last eight civil complaints he filed (all in 2009) were dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. Plaintiff has therefore accumulated three strikes under the PLRA. See Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7647 "I"(5); Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7646 "I"(2); Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7645 "C"(5); Louis Wilbert Boyd, Jr. v. Sarah S. Vance, et al., C.A. 09-7643 "A"(1); Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7642 "J"(2); Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7641 "I"(2); Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7639 "I"(3); Louis Wilbert Boyd, Jr. v. Kelly Lasher, et al., C.A. 09-7508 "R"(2).

The instant complaint is for return of property. Boyd does not allege, nor does the complaint demonstrate, that he is in any imminent danger of suffering serious physical injury. For the foregoing reasons,

**IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ___17th___ day of _____June_____, 2013.

_____
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**